**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CEDRIC GREENE,

  Plaintiff,

v.

SALVATION ARMY BELL SHELTER,

  Defendant.

          *

          *

          *

          *   Civil No. 26-2454-BAH

          *

          *

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Cedric Greene ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.  Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).  Here, because it appears the Court lacks subject matter jurisdiction over Plaintiff's claims, the complaint will be dismissed.

Federal courts are courts of limited jurisdiction, and the plaintiff bears the burden of demonstrating that this Court has the authority to hear the case.  *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014).  The Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1).  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1).  Federal question jurisdiction is determined "by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Plaintiff brings suit against the Salvation Army Bell Shelter located in Bell, California. ECF 1, at 2.  Plaintiff alleges that his continuous positive airway pressure ("CPAP") machine was "in his assigned Shelter locker when he left [the shelter] on the morning of February 7, 2025." *Id.* at 6.  On April 10, 2025, "Bell Shelter had agreed to return Greene's personal belongings to his mental health provider." *Id.*  However, the shelter did not return Plaintiff's CPAP machine. *Id.* Plaintiff then called the Bell Police Department and reported the theft of his CPAP machine. *Id.*

Plaintiff asserts that the basis for federal court jurisdiction is diversity of citizenship. *Id.* at 4.  However, it does not appear that diversity jurisdiction exists, because the complaint suggests that both Plaintiff and Defendant are California citizens.  Although Plaintiff lists his citizenship as "Displaced and Unsettled," *id.* at 4, it appears that he is a citizen of California based on his mailing address in Los Angeles, California, *see id.* at 2.  Defendant is also a citizen of California, as it was incorporated under California law.  *Id.* at 5; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("[A] corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." (citing 28 U.S.C. § 1332(c)(1))).  Nor is the amount in controversy met, as Plaintiff does not list any amount in controversy, *see* ECF 1, at 5, and the property loss at issue is Plaintiff's CPAP machine, *id.* at 7, which is unlikely to reach the $75,000 threshold for diversity jurisdiction.  Moreover, Plaintiff has not invoked any federal statutes,

constitutional provisions, or other laws that would give rise to this Court's federal jurisdiction. *See id.* at 4, 6. The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, because Plaintiff has not presented a jurisdictional basis for this suit, and it appears to the Court that it lacks subject matter jurisdiction to hear Plaintiff's claims, the complaint must be dismissed.[1]

Accordingly, it is this 23rd day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. The complaint IS DISMISSED without prejudice for lack of jurisdiction; and

3. The Clerk SHALL MAIL a copy of this Order to Plaintiff; and

4. The Clerk is directed to close this case.

_____/s/_____
Brendan A. Hurson
United States District Judge

---

[1] It also appears that the District of Maryland is not the proper venue for this action. Under 28 U.S.C. § 1391(b), a civil action may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law. Defendant does not reside in Maryland, and the events giving rise to Plaintiff's claim occurred solely in California.